# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| TAFFY JONES | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-00155 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on February 10, 2010, claiming entitlement to disability benefits due to blood clots in her leg, migraines, a bone fracture, diverticulitis, irritable bowel syndrome, and obesity. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on February 17, 2011. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff, a medical expert, Dr. Charles Murphy, and the ALJ's vocational expert, Michael F. Gartman, testified.

On March 16, 2011, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on December 22, 2011. Therefore, the March 16, 2011 decision of the ALJ became the final decision of the

Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant has not engaged in substantial gainful activity since February 10, 2010, the application date (20 C.F.R. § 416.971 *et seq.*).

2. The claimant has the following severe impairments: migraines, a fracture of left fibula in 2009 with a mild decrease joint space, diverticulitis, and obesity (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404-Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant had the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. § 416.967(b).

5. The claimant has no past relevant work (20 C.F.R. § 416.965).

6. The claimant was born on January 2, 1968 and was 42 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 C.F.R. § 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 C.F.R §§ 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since February 10, 2010, the date the application was filed (20 C.F.R. § 416.920(g)).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant

suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## **ANALYSIS**

Plaintiff's single point of error is that the ALJ's RFC is not supported by substantial evidence. Plaintiff argues that her edema and recurrent blood clots associated with a fibula fracture

prevent her from performing a full range of light work, including the standing and sitting option. She also notes that her vertigo is an ongoing problem. Plaintiff argues that the ALJ did not take into account her vertigo when he assessed her RFC. Plaintiff also argues that these limitations were not factored in to her RFC when the VE was asked questions.

The RFC is an assessment, based on all of the relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite her impairments. 20 C.F.R. § 404.1545(a); *Myers v. Apfel,* 238 F.3d 617, 620 (5th Cir. 2001). RFC refers to the most that a claimant is able to do despite her physical and mental limitations. 20 C.F.R. § 404.1545(a). The RFC assessment must first identify the claimant's functional limitations and assess the claimant's work-related abilities on a function-by-function basis. SSR 96–8P, 1996 WL 374184. After identifying such limitations, the ALJ then expresses the claimant's RFC. *Id.* The RFC is considered by the ALJ, along with the claimant's age, education and work experience, in determining whether the claimant can work. 20 C.F.R. § 404.1520(f). In assessing the RFC, the ALJ must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe. SSR 96–8p; 20 C.F.R. § 404.1523.

Here, the ME testified, without objection or cross-examination, that even given Plaintiff's physical problems, she could perform a full range of light work. The ME recognized that her impairments included migraines, fracture of the left fibula, left lower extremity DVT and decreased joint space in the left hip. He noted that she had previous diagnoses of diverticulosis, polyps and reflux. In addition, he noted a suspicion of irritable bowel and obesity.

As to the vertigo, Dr. Burt noted that her symptoms had resolved and noted that Plaintiff thought her left ear felt like it was plugged up. Her migraines were doing well and no other major problems were noted. TR 172. In Dr. Davis' exam, Plaintiff denied vertigo. She was directed to

5

continue Coumadin therapy for a year given her DVT. Her cardiac exam was essentially normal. TR 203, 206.

Much of Plaintiff's complaint centers on the fact that the ALJ didn't give more weight to her own subjective complaints when arriving at the RFC. The ALJ has the responsibility to evaluate the credibility of witnesses, *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002), and "credibility conclusions are 'precisely the kinds of determinations that the ALJ is best positioned to make.'" *Spruill v. Astrue*, 299 F. App'x 356, 358 (5th Cir. 2008) (quoting *Falco,* 27 F.3d at 164). Thus, the ALJ's credibility evaluation is entitled to *considerable deference* by this Court. *See McKnight v. Astrue,* 340 F. App'x 176, 181 (5th Cir. 2009); *Bedford v. Astrue,* 236 F. App'x 957, 962 (5th Cir. 2007). The ALJ's explanation of his reasons for finding Plaintiff not entirely credible is all that is required. *James J. Flanagan Stevedores, Inc. v. Gallagher,* 219 F.3d 426, 430 & n. 8 (5th Cir. 2000) (citing *Falco,* 27 F.3d at 163); *Godbolt v. Apfel,* No. 98–1680, 1999 WL 179476, at *9 (E.D.La. Mar.31, 1999). The ALJ complied.

Further, the ALJ properly discussed the evidence in the record in making his RFC determination, explained the reasoning for such determination, and exercised his responsibility as the fact finder in weighing the evidence and in choosing to incorporate limitations as supported by the record. *See Muse v. Sullivan*, 925 F.2d 785,790 (5th Cir. 1991). Any conflicts in the evidence are to resolved by the ALJ, not the Court. *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987). Although the Court finds that the ALJ did a thorough analysis, any failure to discuss each piece of evidence in the medical record does not warrant reversal. *See Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994) (ruling that the ALJ does not need to specifically address all of the evidence that he rejected). The Court finds no error in the RFC analysis and finds substantial evidence to support the same.

## HOLDING

Pursuant to the foregoing, the Court AFFIRMS the decision of the Administrative Law Judge.

**SO ORDERED.**

**SIGNED this 9th day of September, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE